IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Cynthia Starnes and Michael Starnes, | ) |
| Plaintiffs, | ) ) ) ) No. 15-cv-165 |
| vs. | ) ) **Jury Trial Demanded** |
| CFA, Inc. d/b/a CFA Staffing, Inc. Defendant. | ) ) ) |

## COMPLAINT

### Jurisdiction and Venue

1. This Court has jurisdiction based on 28 U.S.C. 1331 (federal question) as Counts I and II are actions under the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.*; 28 U.S.C. 1332 (diversity) as the parties are citizens of different states and the amount in controversy, exclusive of interest and costs exceeds $75,000.00, and supplemental jurisdiction (as to Counts III through VI).

2. Venue is proper as the conduct occurred in the Southern District of Illinois.

### Parties

3. Plaintiff Cynthia Starnes is a citizen of the State of Illinois and a former employee of defendant.

4. Plaintiff Michael Starnes is a citizen of the State of Illinois and a former employee of defendant.

5. Defendant CFA, Inc. d/b/a CFA Staffing, Inc. (hereinafter, "CFA" or "Defendant") is an Indiana corporation with its principal place of business in Indiana.

### Facts

6. In around July 2014, Plaintiffs, husband and wife, began working for Defendant, assembling

displays at a warehouse in Pontoon Beach, Illinois.

7. Defendant knew Plaintiffs were husband and wife.

8. From the beginning of his employment, Plaintiff Michael Starnes complained to Mike Petty, the on-site supervisor, that there was no timeclock to record employees' work hours.

9. From the beginning of their employment, Plaintiffs' paychecks were late or appeared or inaccurate or both.

10. Plaintiffs complained to Mike Petty about the situation described in the preceding paragraph. Petty instructed plaintiffs to take their complaints to "the office." Plaintiffs went to CFA's office in Granite City, Illinois and complained to CFA's Alex Bay. The first time this occurred, Bay gave Plaintiffs their checks. When there was another problem with the checks, when Plaintiffs' checks were short and Plaintiffs brought the problem to Bay's attention, Bay instructed Plaintiffs to call the corporate office. Plaintiff Michael Starnes called CFA's corporate office and spoke with someone who identified herself as "Robin." Robin said she could not do anything.

11. Plaintiffs complained yet again when their checks were short and after complaining, when they appeared for work. at the Pontoon Beach facility, Petty told Plaintiffs he [Petty] had been instructed to tell Plaintiffs not to return to work, that the instruction came from "the office," and that Petty did not understand because Plaintiffs were two of the best workers CFA had. Thus, Plaintiffs were fired.

### Count I- Michael Starnes's Claim Under Fair Labor Standards Act

12. Plaintiff Michael Starnes incorporates Paragraphs 1-11 as though fully set forth herein.

13. Defendant is an employer within the meaning of the FLSA. Defendant is an enterprise engaged in interstate commerce and/or in the production of goods for commerce within the

        meaning of the FLSA.  On information and belief, Defendant has at all relevant times had gross volume of sales/revenue of at least $500,000 annually.  While employed by Defendant, Plaintiff Michael Starnes was engaged in interstate commerce or in the production of goods for interstate commerce within the meaning of the FLSA.

14. Defendant discharged Plaintiff Michael Starnes because he complained about and objected to Defendant's activities, as described above, which Plaintiff reasonably believed violated the FLSA's requirement that Plaintiff be paid minimum wage and overtime compensation. Plaintiff's conduct amounted to legally protected activity within the meaning of the FLSA.

15. Defendant's conduct violated 29 U.S.C. 215(a)(3).

16. Defendant's violation of the FLSA was wilful, wanton, and malicious.

17. As a direct and proximate result of Defendant's conduct, Plaintiff Michael Starnes has been damaged.

WHEREFORE, Plaintiff Michael Starnes asks for judgment in his favor and against Defendant in an amount to be established at trial for backpay, front pay, lost benefits of employment, emotional distress damages, liquidated damages, and punitive damages, as well as reinstatement into the appropriate job. Plaintiff also prays for attorneys' fees, costs, and such further relief as the court deems appropriate under the circumstances.

### Count II - Cynthia Starnes's Claim Under Fair Labor Standards Act

18. Plaintiff Cynthia Starnes incorporates Paragraphs 1-11 as though fully set forth herein.

19. Defendant is an employer within the meaning of the FLSA.  Defendant is an enterprise engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA.  On information and belief, Defendant has at all relevant times had gross volume of sales/revenue of at least $500,000 annually.  While employed by Defendant,

       Plaintiff Cynthia Starnes was engaged in interstate commerce or in the production of goods for interstate commerce within the meaning of the FLSA.

20. Defendant discharged Plaintiff Cynthia Starnes because she complained about and objected to Defendant's activities, as described above, which Plaintiff reasonably believed violated the FLSA's requirement that Plaintiff be paid minimum wage and overtime compensation. Plaintiff's conduct amounted to legally protected activity within the meaning of the FLSA.

21. Defendant's conduct violated 29 U.S.C. 215(a)(3).

22. Defendant's violation of the FLSA was wilful, wanton, and malicious.

23. As a direct and proximate result of Defendant's conduct, Plaintiff Cynthia Starnes has been damaged.

WHEREFORE, Plaintiff Cynthia Starnes asks for judgment in her favor and against Defendant in an amount to be established at trial for backpay, front pay, lost benefits of employment, emotional distress damages, liquidated damages, and punitive damages, as well as reinstatement into the appropriate job. Plaintiff also prays for attorneys' fees, costs, and such further relief as the court deems appropriate under the circumstances.

### Count III- Michael Starnes's Claim Under Illinois Wage Payment and Collection Act

24. Plaintiff Michael Starnes incorporates Paragraphs 1-11 as though fully set forth herein.

25. Defendant discharged Plaintiff Michael Starnes because he complained to CFA that he was not being paid as required by the provisions of the Illinois Wage Payment and Collection Act, 820 ILCS 115, *et seq.*, which requires Defendant to pay to its employees all wages owed on a timely basis.

26. Defendant's discharge violated 820 ILCS 115/14(c ).

27. As a direct and proximate result of Defendant's conduct, Plaintiff Michael Starnes has been

damaged.

WHEREFORE, Plaintiff Michael Starnes asks for judgment in his favor and against Defendant in an amount to be established at trial for backpay, front pay, , lost benefits of employment, emotional distress damages, and punitive damages, as well as reinstatement into the appropriate job. Plaintiff also prays for attorneys' fees, costs, and such further relief as the court deems appropriate under the circumstances.

### Count IV- Cynthia Starnes's Claim Under Illinois Wage Payment and Collection Act

28. Plaintiff Cynthia Starnes incorporates Paragraphs 1-11 as though fully set forth herein.

29. Defendant discharged Plaintiff Cynthia Starnes because she complained to CFA that she was not being paid as required by the provisions of the Illinois Wage Payment and Collection Act, 820 ILCS 115, *et seq.*, which requires Defendant to pay to its employees all wages owed on a timely basis.

30. Defendant's discharge violated 820 ILCS 115/14(c ).

31. As a direct and proximate result of Defendant's conduct, Plaintiff Cynthia Starnes has been damaged.

WHEREFORE, Plaintiff Cynthia Starnes asks for judgment in her favor and against Defendant in an amount to be established at trial for backpay, front pay, lost benefits of employment, emotional distress damages, and punitive damages, as well as reinstatement into the appropriate job. Plaintiff also prays for attorneys' fees, costs, and such further relief as the court deems appropriate under the circumstances.

### Count V - Michael Starnes's Claim Under Illinois Common Law of Retaliatory Discharge

32. Plaintiff Michael Starnes incorporates Paragraphs 1-11 as though fully set forth herein.

33. Plaintiff Michael Starnes opposed conduct which constituted violations of the Illinois

Minimum Wage Law, 820 ILCS 105, *et seq.*, the Illinois Wage Collection and Payment Act, 820 ILCS 115, *et seq.*, and, the federal Fair Labor Standards Act (minimum wage law) 29 U.S.C. 206.

34. Defendant discharged Plaintiff Michael Starnes because of such opposition in violation of Illinois public policy.

35. Defendant's conduct was willful, wanton, and malicious.

36. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged.

WHEREFORE, Plaintiff Michael Starnes asks for judgment in his favor and against Defendant in an amount to be established at trial for compensatory and punitive damages Plaintiff also prays for attorneys' fees, costs, and such further relief as the court deems appropriate under the circumstances.

**Count VI - Cynthia Starnes's Claim Under Illinois Common Law of Retaliatory Discharge**

37. Plaintiff Cynthia Starnes incorporates Paragraphs 1-11 as though fully set forth herein.

38. Plaintiff Cynthia Starnes opposed conduct which constituted violations of the Illinois Minimum Wage Law, 820 ILCS 105, *et seq.*, the Illinois Wage Collection and Payment Act, 820 ILCS 115, *et seq.*, and, the federal Fair Labor Standards Act (minimum wage law) 29 U.S.C. 206.

39. Defendant discharged Plaintiff Cynthia Starnes because of such opposition in violation of Illinois public policy.

40. Defendant's conduct was willful, wanton, and malicious.

41. As a direct and proximate result of Defendant's conduct, Plaintiff Cynthia Starnes has been damaged.

WHEREFORE, Plaintiff Cynthia Starnes asks for judgment in her favor and against Defendant in

an amount to be established at trial for compensatory and punitive damages.  Plaintiff also prays for attorneys' fees, costs, and such further relief as the court deems appropriate under the circumstances.

    /s/Ferne P. Wolf
Sowers & Wolf, LLC
D. Eric Sowers, es@sowerswolf.com
Ferne P. Wolf, fw@sowerswolf.com
Joshua M. Pierson, jp@sowerswolf.com
530 Maryville Centre Drive, Suite 460Ri
St. Louis, MO 63141
314 744-4010/314 744-4026 fax

/s/Russell C.Riggan
Russell C. Riggan, russ@rigganlawfirm.com
Riggan Law Firm, LLC
132 West Washington Avenue, Suite 100
Kirkwood, Missouri 63122
(314) 835-9100 / (314) 735-1054 (fax)