IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Cynthia Starnes and Michael Starnes, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 3:15-cv-00165-SMY-DGW |
| vs. | ) | |
| | ) | |
| CFA, Inc. d/b/a CFA Staffing, Inc. | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO ENFORCE SETTLEMENT AGREEMENT AND DISMISS CAUSE OF ACTION PURSUANT TO RULE 41(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

This cause was initiated by the Complaint of the Plaintiffs Michael Starnes and Cynthia Starnes ("the Starnes") claiming that the Defendant, CFA Staffing, Inc. ("CFA") had terminated their employment with CFA for improper reasons, among other allegations ("the Action").

At the initiation of the Complaint, the Starnes were represented by counsel but subsequently, counsel withdrew after an *in camera* hearing before the Magistrate Judge.

Thereafter, the Starnes proceeded with the case on a *pro se* basis.

On July 15, 2015, a hearing was held before the Magistrate Judge and at that point settlement discussions between the Starnes and counsel for CFA were initiated. Subsequently, the Starnes and CFA entered into Settlement Agreements. Attached hereto as Exhibits A and B are true and accurate copies of the Settlement Agreements. Pursuant to the terms of the Settlement Agreements, the Starnes were to receive a certain sum of money and in return the Starnes were to dismiss the Action with prejudice (see page 3, paragraph 6, last sentence of both Exhibit A and Exhibit B).

The checks in consideration of the dismissal and settlement of the Action were tendered to the Plaintiffs. Copies of the checks are attached hereto as Exhibit C. On or about August 28, 2015 the checks were negotiated and cashed by the Starnes. Attached hereto as Exhibit D are copies of the checks showing their negotiation. However, contrary to the signed Settlement Agreements the Starnes have not dismissed the Action although a Stipulation of Dismissal partially executed by the undersigned was provided to the Starnes.

As a result, CFA has complied with all terms of the Settlement Agreement and wishes to enforce its terms by having the Court dismiss this action with prejudice in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

Respectfully submitted,

*s/ David W. Gray*

David W. Gray
LEWIS & KAPPES, P.C.
One American Square, Suite 2500
Indianapolis, Indiana 46282

## CERTIFICATE OF SERVICE

I certify that on the 2nd day of October 2015, the foregoing document was filed electronically.  Notice of this filing will be sent to the following by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Heidi Eckert
Lowenbaum Law
222 South Central, Suite 900
Clayton, MO 63105

*s/ David W. Gray*

David W. Gray

I certify that a copy of the foregoing document was mailed by U.S. First Class Mail, postage prepaid on this 2nd day of October 2015

Michael and Cynthia Starnes
1131 Logan Street
Madison, Illinois 62060

*s/ David W. Gray*
David W. Gray

# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into by and between Cynthia Starnes ("Ms. Starnes" or "Employee") and CFA, Inc. d/b/a CFA Staffing ("CFA") (collectively, the "Parties" or singularly a "Party") on August 5th, 2015.

### RECITALS

WHEREAS, Ms. Starnes was an employee of CFA;

WHEREAS, Ms. Starnes has filed suit against CFA in the U.S. District Court for the Southern District of Illinois under civil docket # 3:15-cv-00165-SMY-DGW (the "Action") in which she alleges that the termination of her employment with CFA was improper among other allegations;

WHEREAS, the Parties wish to resolve all matters concerning Ms. Starnes' employment with and separation from CFA and the dismissal of the Action, with prejudice;

NOW, THEREFORE, in consideration of the mutual covenants and conditions contained herein, the Parties hereby agree as follows:

1.  Employer agrees to provide to Ms. Starnes the sum of Seven thousand five hundred Dollars ($7,500.00 ) on the Effective Date (as defined in Paragraph 7 below) of this Agreement.

2.  Ms. Starnes agrees to not hereafter apply for or seek employment or reemployment with Employer.

3.  Employer agrees to provide Ms. Starnes with the consideration described above, which Ms. Starnes acknowledges is over and above anything owed to her by law, and is being provided to her expressly in exchange for Ms. Starnes entering into this Agreement. The payment to be made to Ms. Starnes as set forth above is made expressly contingent upon, and is

1

provided in consideration of the provisions stated in Paragraphs 5 and 6 below.  Ms. Starnes acknowledges and agrees that Employer owes her no wages, commissions, bonuses, sick pay, personal leave pay, severance pay, vacation pay, or other compensation or benefits, or payments or form of remuneration of any kind or nature, other than that specifically provided for in this Agreement.

4.     The Parties hereto specifically agree and understand that this Agreement is confidential.  Neither Party shall communicate, display, publish or otherwise reveal any of the contents of this Agreement, other than to a Party's spouse, unless the written consent of the other Party has been given, unless required to do so by any order of a court of competent jurisdiction or unless it is disclosed as part of a proceeding to enforce its terms.

5.     In consideration of the sum specified above being paid to Ms. Starnes in Paragraph 1 above, Ms. Starnes unconditionally releases and forever discharges Employer and Employer's predecessors and/or affiliates, and all of their present or former directors, officers, agents, attorneys, insurers, employees, representatives and their heirs, successors, administrators and assigns, and any clients or customers of CFA to whom Ms. Starnes may have been assigned (the "Released Parties"), from all liabilities and obligations under federal, state, and local laws, whether known or unknown, relating in any way to Ms. Starnes' employment, employment separation, and any communication concerning the circumstances of such separation to third parties.  This release also includes but is not limited to:  any claim for wrongful termination, defamation, intentional infliction of emotional distress or any other common law claims; any claims for any violation of any written, implied or oral contract, including but limited to any contract of employment between Ms. Starnes and Employer; any claims of discrimination, harassment or retaliation including claims based on such things as age, religion, sex, or physical

2

disability or medical condition; except for payments referred to herein, any claims for payments of any nature, including but not limited to wages, overtime pay, vacation pay, severance pay and bonuses; and any claims that may arise under common law and under all federal, state and local statutes, ordinances, rules, regulations and orders including but not limited to any claims based on Title VII of The Civil Rights Act, The Rehabilitation Act of 1973, The American with Disabilities Act, The Family and Medical Leave Act, The Age Discrimination Employment Act, and The Employee Retirement Income Security Act of 1974. It shall also include any claims for damages and/or attorney fees and costs in any action sounding in tort or contract, or any other legal claim Ms. Starnes may be entitled to assert, whether presently accrued, accruing to, or to accrue on account of, arising out of, or in any way connected with Ms. Starnes' employment with Employer. This release does not apply to any claim under any applicable Workers Compensation Act that Ms. Starnes may possess arising from her employment with Employer. Ms. Starnes agrees not to sue Employer or any of the Released Parties with respect to any claims, demands, liabilities, or obligations released by this Agreement.

6.     Notwithstanding Ms. Starnes' right to file an administrative charge with the EEOC or any other federal, state, or local agency, Ms. Starnes agrees that with her release of claims in this Agreement she has waived any right she may have to recover monetary or other personal relief in any proceeding based in whole or in part on claims released by her in this Agreement. Ms. Starnes specifically assigns to Employer her right to recovery arising from any such proceeding. Ms. Starnes agrees to dismiss the Action, with prejudice, upon her receipt of the sum specified in Paragraph 1, above.

7.     This Agreement is intended to comply with the Older Workers Benefit Protection Act of 1990. Ms. Starnes acknowledges and agrees that she specifically is waiving rights and

3

claims under the Age Discrimination in Employment Act ("ADEA"), and that the waiver of rights and claims does not extend to any rights or claims arising after the date she executes this Agreement. Ms. Starnes is hereby advised and so acknowledges that she has been advised to consult an attorney regarding the terms of this Agreement. Ms. Starnes is entitled to and is hereby given twenty-one (21) days within which to fully consider and sign this Agreement, although she may do so at any time before this period has expired. Following the date that Ms. Starnes signs this Agreement, she shall have a period of seven (7) days, in which to revoke it, which she may do in writing by sending written notification of revocation to David Gray, Lewis & Kappes, P.C. Suite 2500, P.O. Box 82053, Indianapolis, IN 46282-0003. The terms of this Agreement will not be enforceable until the expiration of this revocation period, which means that this Agreement shall be effective and binding on the eighth day following the day on which Ms. Starnes signs it (the "Effective Date"). In the event that Ms. Starnes revokes her acceptance of this Agreement, Employer shall have no obligations hereunder and no payment will be made.

8.      This Agreement shall not be amended or revised except with the written consent of each Party, and shall not be assigned by any Party except with the written consent of the other Party. Any assignment in violation of this provision shall be void.

9.      This Agreement contains the entire agreement between the Parties hereto, and its terms are contractual and not a mere recital.

10.     The Parties each acknowledge and represent that she/it has not executed this Agreement in reliance upon any promise, representation or warranty whatsoever not expressly set forth in this Agreement. Each Party further acknowledges that (a) she/it has read this Agreement, (b) she/it understands the force and effect of this Agreement, and (c) she/it has agreed to sign and enter into this Agreement freely and willingly. Further, Ms. Starnes

4

acknowledges that she was given the opportunity to consult with an attorney prior to signing this Agreement and understands that by signing this Agreement she is giving up and waiving legal rights.

11.     It is understood and agreed by the Parties to this Agreement that the execution of this Agreement is not an admission of any Party of any liability, fault or obligation whatsoever.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be signed on the dates noted below:

CFA, Inc.

By: _____
Title: PRESIDENT
Date: 8/5/15

CYNTHIA STARNES

_____
Date: AUG 11, 2015

The changes you proposed on 8/11/15 are hereby accepted.

CFA, Inc.
By: _____

Title: President

Date: 8/21/15

5

# EXHIBIT B

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into by and between Michael Starnes ("Mr. Starnes" or "Employee") and CFA, Inc. d/b/a CFA Staffing ("CFA") (collectively, the "Parties" or singularly a "Party") on August 5, 2015.

### RECITALS

WHEREAS, Mr. Starnes was an employee of CFA;

WHEREAS, Mr. Starnes has filed suit against CFA in the U.S. District Court for the Southern District of Illinois under civil docket # 3:15-cv-00165-SMY-DGW (the "Action") in which he alleges that the termination of his employment with CFA was improper among other allegations;

WHEREAS, the Parties wish to resolve all matters concerning Mr. Starnes' employment with and separation from CFA and the dismissal of the Action, with prejudice;

NOW, THEREFORE, in consideration of the mutual covenants and conditions contained herein, the Parties hereby agree as follows:

1.    Employer agrees to provide to Mr. Starnes the sum of Five thousand Dollars ~~SEVEN THOUSAND~~ ~~HUNDRED~~ ($5,000.00) ~~($7,500)~~ on the Effective Date (as defined in Paragraph 7 below) of this Agreement. *Renks MS 8/4/15*

2.    Mr. Starnes agrees to not hereafter apply for or seek employment or reemployment with Employer.

3.    Employer agrees to provide Mr. Starnes with the consideration described above, which Mr. Starnes acknowledges is over and above anything owed to him by law, and is being provided to him expressly in exchange for Mr. Starnes entering into this Agreement. The payment to be made to Mr. Starnes as set forth above is made expressly contingent upon, and is provided in consideration of the provisions stated in Paragraphs 5 and 6 below. Mr. Starnes

1

acknowledges and agrees that Employer owes him no wages, commissions, bonuses, sick pay, personal leave pay, severance pay, vacation pay, or other compensation or benefits, or payments or form of remuneration of any kind or nature, other than that specifically provided for in this Agreement.

4.     The Parties hereto specifically agree and understand that this Agreement is confidential.  Neither Party shall communicate, display, publish or otherwise reveal any of the contents of this Agreement, other than to a Party's spouse, unless the written consent of the other Party has been given, unless required to do so by any order of a court of competent jurisdiction or unless it is disclosed as part of a proceeding to enforce its terms.

5.     In consideration of the sum specified above being paid to Mr. Starnes in Paragraph 1 above, Mr. Starnes unconditionally releases and forever discharges Employer and Employer's predecessors and/or affiliates, and all of their present or former directors, officers, agents, attorneys, insurers, employees, representatives and their heirs, successors, administrators and assigns, and any clients or customers of CFA to whom Mr. Starnes may have been assigned (the "Released Parties"), from all liabilities and obligations under federal, state, and local laws, whether known or unknown, relating in any way to Mr. Starnes' employment, employment separation, and any communication concerning the circumstances of such separation to third parties.  This release also includes but is not limited to:  any claim for wrongful termination, defamation, intentional infliction of emotional distress or any other common law claims; any claims for any violation of any written, implied or oral contract, including but limited to any contract of employment between Mr. Starnes and Employer; any claims of discrimination, harassment or retaliation including claims based on such things as age, religion, sex, or physical disability or medical condition; except for payments referred to herein, any claims for payments

2

of any nature, including but not limited to wages, overtime pay, vacation pay, severance pay and bonuses; and any claims that may arise under common law and under all federal, state and local statutes, ordinances, rules, regulations and orders including but not limited to any claims based on Title VII of The Civil Rights Act, The Rehabilitation Act of 1973, The American with Disabilities Act, The Family and Medical Leave Act, The Age Discrimination Employment Act, and The Employee Retirement Income Security Act of 1974.  It shall also include any claims for damages and/or attorney fees and costs in any action sounding in tort or contract, or any other legal claim Mr. Starnes may be entitled to assert, whether presently accrued, accruing to, or to accrue on account of, arising out of, or in any way connected with Mr. Starnes' employment with Employer.   This release does not apply to any claim under any applicable Workers Compensation Act that Mr. Starnes may possess arising from his employment with Employer. Mr. Starnes agrees not to sue Employer or any of the Released Parties with respect to any claims, demands, liabilities, or obligations released by this Agreement.

6. Notwithstanding Mr. Starnes' right to file an administrative charge with the EEOC or any other federal, state, or local agency, Mr. Starnes agrees that with his release of claims in this Agreement he has waived any right he may have to recover monetary or other personal relief in any proceeding based in whole or in part on claims released by him in this Agreement.  Mr. Starnes specifically assigns to Employer his right to recovery arising from any such proceeding. Mr. Starnes agrees to dismiss the Action, with prejudice, upon his receipt of the sum specified in Paragraph 1, above.

7. This Agreement is intended to comply with the Older Workers Benefit Protection Act of 1990. Mr. Starnes acknowledges and agrees that he specifically is waiving rights and claims under the Age Discrimination in Employment Act ("ADEA"), and that the waiver of

rights and claims does not extend to any rights or claims arising after the date he executes this Agreement. Mr. Starnes is hereby advised and so acknowledges that he has been advised to consult an attorney regarding the terms of this Agreement.  Mr. Starnes is entitled to and is hereby given twenty-one (21) days within which to fully consider and sign this Agreement, although he may do so at any time before this period has expired.  Following the date that Mr. Starnes signs this Agreement, he shall have a period of seven (7) days, in which to revoke it, which he may do in writing by sending written notification of revocation to David Gray, Lewis & Kappes, P.C. Suite 2500, P.O. Box 82053, Indianapolis, IN 46282-0003.  The terms of this Agreement will not be enforceable until the expiration of this revocation period, which means that this Agreement shall be effective and binding on the eighth day following the day on which Mr. Starnes signs it (the "Effective Date").  In the event that Mr. Starnes revokes his acceptance of this Agreement, Employer shall have no obligations hereunder and no payment will be made.

8.      This Agreement shall not be amended or revised except with the written consent of each Party, and shall not be assigned by any Party except with the written consent of the other Party.  Any assignment in violation of this provision shall be void.

9.      This Agreement contains the entire agreement between the Parties hereto, and its terms are contractual and not a mere recital.

10.      The Parties each acknowledge and represent that he/it has not executed this Agreement in reliance upon any promise, representation or warranty whatsoever not expressly set forth in this Agreement.  Each Party further acknowledges that (a) he/it has read this Agreement, (b) he/it understands the force and effect of this Agreement, and (c) he/it has agreed to sign and enter into this Agreement freely and willingly.  Further, Mr. Starnes acknowledges

4

that he was given the opportunity to consult with an attorney prior to signing this Agreement and understands that by signing this Agreement he is giving up and waiving legal rights.

11.    It is understood and agreed by the Parties to this Agreement that the execution of this Agreement is not an admission of any Party of any liability, fault or obligation whatsoever.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be signed on the dates noted below:

CFA, Inc.

By: _____
Title: PRESIDENT
Date: 8/5/15

MICHAEL STARNES

_____
Date: 8/11/15

The changes you proposed on
8/11/15 are hereby accepted.

CFA, Inc.
By: _____

Title: _President_

Date: 8/21/15

5

# EXHIBIT C

CFA INC
977 St. Road 46 E, Suite C
Batesville, Indiana 47006

13458

THE FRIENDSHIP STATE BANK
71-938/749

8/21/2015

PAY TO THE
ORDER OF    Michael Starnes

$ **7,500.00

Seven Thousand Five Hundred and 00/100*********************************************************** DOLLARS

Michael Starnes

MEMO

⑈0⌁3458⌁ ⌁074909988⌁ ⌁026⌁752 6⌁

CFA INC

Michael Starnes
7650 · Legal

13458

8/21/2015

7,500.00

CFA INC
977 St. Road 46 E, Suite C
Batesville, Indiana 47006

13459

THE FRIENDSHIP STATE BANK
71-986/749

8/21/2015

PAY TO THE
ORDER OF ___ Cynthia Starnes

$ **10,000.00

Ten Thousand and 00/100**************************************************************** DOLLARS

Cynthia Starnes

MEMO ___

⑆ PROTECTED AGAINST FRAUD ⑆

⑈013459⑈ ⑆074909988⑆ ⑆026⑈752 6⑈

CFA INC

Cynthia Starnes
7650 · Legal

13459

8/21/2015

10,000.00

# EXHIBIT D

Account Transactions: Friendship State Bank                                    Page 1 of 1



Account Transactions: Friendship State Bank

